OPINION
Plaintiff-appellant Lawrence C. Coyle appeals the October 11, 2000 Judgment Entry of the Fairfield County Court of Common Pleas which granted summary judgment against him. Defendant-appellee is Harold Stebelton.
 STATEMENT OF THE FACTS AND CASE
This action arises from an incident which took place on March 11, 1998, after a meeting of the Bloom Township Trustees. Appellant was one of three Bloom Township Trustees and appellee was a resident of Bloom Township attending the meeting. Apparently, the meeting became chaotic. In an attempt to restore order to the meeting, appellant read a portion of the "Open Meeting Act" which indicated intimidating a public official was a felony of the third degree.
After the meeting, appellee approached appellant to discuss the statements appellant had read during the meeting. Appellee believed the statements had been directed at his brother, Robert Stebelton. Appellant testified he did not remember exactly what appellee said, but it was something to the effect of "I should slap you upside of the head." Other witnesses noticed the tension between the two but the incident ended when appellee walked away from appellant.
On March 1, 1999, appellant filed a Complaint with the Fairfield County Court of Common Pleas. The complaint alleged appellee threatened appellant with physical violence in an attempt to influence appellant in the performance of his duties as a Bloom Township Trustee, in violation of R.C. 2921.03. Count two of the complaint alleged appellee was liable for civil assault.
On July 27, 2000, appellee filed a Motion for Summary Judgment. In an October 2, 2000 Judgment Entry, the trial court granted appellee's motion for summary judgment. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE INTIMIDATION CLAIM.
 II. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE INTIMIDATION CLAIM.
 I
In his first assignment of error, appellant maintains the trial court erred in granting appellee's motion for summary judgment on the intimidation claim. We disagree.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ. R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
The first count of appellant's complaint is based upon R.C. 2921.03, intimidation of a public official. The statute provides, in relevant part:
 (A) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder a public servant, a party official, or an attorney or witness involved in a civil action or proceeding in the discharge of the duties of the public servant, party official, attorney, or witness.
* * *
 (C) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.
Accordingly, appellant had to demonstrate appellee threatened him, in an unlawful way, in an attempt to influence appellant's duties as a Bloom Township Trustee. Further, appellant had to demonstrate he was injured as a result of the commission of the offense.
In his complaint, appellant alleges he suffered "great embarrassment and has been put in fear for the safety of his physical well-being" as a direct and proximate result of an assault in violation of R.C. 2921.03. The statutory scheme does not contain a definition of "injury" for the purposes of this statute. We find appellant's claim he suffered "great embarrassment" and "fear for his safety" insufficient to establish an injury for purposes of R.C. 2921.03(C).
Appellant's first assignment of error is overruled.
 II
In his second assignment of error appellant maintains the trial court erred in granting appellee's motion for summary judgment on the assault claim. We review the trial court's decision under the same standard of review set forth in appellant's first assignment of error.
The tort of assault is "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." Smith v. John Deere Co. (1993),83 Ohio App.3d 398, 406. A key element of assault is that the alleged tortfeasor "knew with substantial certainty that his or her act would bring about harmful or offensive contact." Id. The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching. Coleman v. KindercareLearning Center, Inc. (Dec. 30, 1999), Franklin App. No. 999-AP-259, unreported.
Appellant contends an assault occurred when appellee threatened to hit him. We note the record evidence demonstrates a dispute as to exactly what appellee said to appellant.
In his affidavit in support of his motion for summary judgment, appellant claims
 Harold Stebelton said that he did not like what I had said, that he was not afraid to go to jail, and `I should slap you up the side of the head.'
Appellant's Affidavit at para. 8.
However, appellee remembers the exchange differently:
 At some point during the conversation, I stated as follows, `It would not [have] took a hell of a lot more, and I would have got up and smacked you.'
Appellee's Affidavit at para. 4.
Appellant also pointed to the deposition testimony of two eyewitnesses to the incident, Francis Petty and Anne Cyphert. Mr. Petty testified appellee made a statement "along the line of, I ought to really smack you * * *." Petty Deposition at 16. Similarly, Ms. Cyphert testified "* * * I remember hearing [appellee] say, I ought to smack you. I'm not afraid to go to jail." Cyphert Deposition at 12.
In its September 25, 2000 Memorandum of Decision, the trial court found the exchange did not rise to the level of an assault. We agree. Notwithstanding the slight variances in the statement appellee is alleged to have made, and even assuming the statement was a threat, the record evidence did not support a finding any such "threat" was coupled with a definitive act. The language used, taken in a light most favorable to the appellant, did not indicate a present intent to cause harm. Further, Appellee did not make any physical gesture toward appellant indicating an offensive touching was imminent.[1] In the absence of such a definitive act, appellant was unable to prove the elements of civil assault as a matter of law.
Appellant's second assignment of error is overruled.
The October 11, 2000 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 11, 2000 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
 ______________________ Hoffman, J.
Gwin, P.J. and Farmer, J. concur.
[1] We recognize the spacial proximity of appellee to appellant gave appellant the "apparent ability" to carry out his alleged "threat," but spacial proximity does not qualify as a "definitive act."